IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-01139-STA-jay |
| HERBERT H. SLATERY, III, | ) ) ) |
| Respondent. | ) ) |

ORDER DISMISSING AMENDED PETITION IN PART,
DIRECTING CLERK TO MODIFY RESPONDENT AND SERVE PLEADING,
AND
DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIM

Petitioner Billie Joe Chapman has filed an amended *pro se* habeas corpus petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 11.) For the following reasons, the Amended Petition is **DISMISSED** in part and Respondent is **DIRECTED** to respond to the remaining claim.

## BACKGROUND

On June 25, 2020, Chapman initiated the present case by filing a pleading designated as a 28 U.S.C. § 2254 petition for habeas corpus. (ECF No. 1.) However, by order dated July 13, 2020, the Court construed the pleading as a § 2241 petition because, although confusing, the allegations seemed to relate to Petitioner's pre-trial detention. (ECF No. 7.) The Court ordered Chapman to refile his claims on this district's § 2241 form. In compliance with the order, Petitioner filed the Amended Petition on July 24, 2020.

Liberally construed, the Amended Petition asserts that Chapman is being held at the Madison County Jail on charges that he committed an aggravated assault and that, by virtue of the assault, he was charged with violating his probation on a prior conviction for driving on a suspended license. He complains that there was no evidence of an "assault, no verbal harassment, no physical contact, no harm or injury whatsoever" to support the aggravated assault charge (Claim 1), there was no probable cause to arrest him for aggravated assault (Claim 2), and his probation was revoked on June 15, 2020, "without [a] probation revocation hearing or proper due process" (Claim 3). (*Id.* at 6-8.) He alleges that the state court has "[r]efus[ed] every type of appeal at any level" for these claims.[1] (*Id.* at 7.) He requests that the Court "[o]rder the District Attorney's Office to dismiss the charge of aggravated assault/domestic abuse . . . with prejudice[,] release [him] from custody, [and] reinstat[e] [his] probation." (*Id.* at 8.)

In its preliminary review of the Amended Petition on October 15, 2020, the Court determined that the status of the criminal proceedings against Chapman was not clear from the pleading. (ECF No. 16 at 2.) Respondent John Mehr, the Madison County Sheriff, was therefore ordered to file a response to the Petition, "accompanied by portions of the state-court record sufficient to show the progress and status of the state proceedings against Chapman." (*Id.*) The order also informed Petitioner that he could file a reply within twenty-eight days of service of the response. (*Id.* at 3.)

On November 12, 2020, Respondent filed his response to the Amended Petition (ECF No. 19), together with affidavits from Kathy Blount, the Circuit Court Clerk of Madison County,

---

[1] For clarity's sake, the Court has renumbered the claims and construed one ground for relief as an assertion that Petitioner has attempted to exhaust his state-court remedies.

Tennessee, (ECF No. 19-1 at 1-2), and Tom Rudder, "the Jail Administrator for Madison County, Tennessee," (ECF No. 19-2 at 1-2).  Respondent acknowledges that Petitioner is a pre-trial detainee, but he asserts that Chapman was released from jail on the aggravated assault charge and "is currently being held at the Madison County Jail . . . . on [other] charges[.]"  (ECF No. 19 at 1.) In support, he refers to Rudder's affidavit, to which is attached "the Booking and Madison County Jail Custody history for Billie Joe Chapman." (ECF No. 19-2 at 1.)   The log shows that Petitioner was booked into the jail on June 4, 2020, and as booked out on August 27, 2020.  (*Id.* at 4.)  He was booked back in on October 20, 2020.  (*Id.*)  No subsequent release is recorded.  Respondent also submitted documents revealing that Petitioner filed several state habeas corpus petitions and similar petitions for relief. [2]  (ECF No. 19-1 at 4-23.)  Chapman did not file a reply.

## DISCUSSION

Section 2241 authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  However, except in extraordinary circumstances, the habeas

---

[2]  Respondent did not submit portions of the state-court record which would show, as required by the Court's October 15, 2020, order, the status of the probation revocation proceeding and the proceedings on the aggravated assault charge.  It is true that Kathy Blount states in her affidavit that "[t]he records attached as Exhibit A . . . accurately reflect the charges brought in Madison County Circuit Court against Bille Joe Chapman." (ECF No. 19-1 at 1.)  However, the documents attached to her affidavit all pertain to Chapman's various attempts at securing state habeas corpus and mandamus relief.  None of them, however, reveal the status of the underlying criminal proceedings.  In fact, Respondent acknowledges that "Ms. Blount has provided copies of the state court proceedings involving Petitioner; however, all of these reflect only various state court petitions for habeas corpus and similar relief filed by Petitioner, and do not deal with the underlying charges against Petitioner which apparently arose out of Jackson City Court." (ECF No. 19 at 3.)

3

remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987). A violation of a pretrial detainee's right to a speedy trial or right "against unreasonable bail pending trial" may present an extraordinary circumstance warranting federal intervention. *Atkins v. Michigan*, 644 F.2d 543, 547, 549–50 (6th Cir. 1981).

A federal court should not entertain such claims, however, until the petitioner has first exhausted the issues in state court. *Id.* at 547, 549. As a general matter, that means the detainee must present his claims to all levels of state court review that are available to him. *Id.* at 548. "It is the petitioner's burden to establish that he has properly and fully exhausted his available state court remedies with respect to his claims." *Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *1 (6th Cir. Oct. 28, 2019) (unpublished decision) (citing *Prather v. Rees*, 822 F.2d 1418, 1420 & n.3 (6th Cir. 1987)).

As discussed above, Chapman seeks federal judicial intervention into the ongoing state criminal proceeding related to his aggravated assault charge on the grounds that there was insufficient evidence to charge him (Claim 1) and his arrest was not supported by probable cause (Claim 2). Neither of these claims presents an exceptional circumstance warranting federal court intervention into the state-court proceeding. *See e.g.*, *Crenshaw v. City of Cincinnati Police Dep't*, No. 1:08-CV-315, 2008 WL 2121230, at *4 (S.D. Ohio May 20, 2008) (dismissing state pre-trial detainee's § 2241 evidence-sufficiency claim, finding "a trial on the merits may resolve plaintiff's claim of insufficient evidence to sustain the charges against him"); *Martin v. Sheldon*, No. 1:17 CV 120, 2017 WL 1969464, at *3 (N.D. Ohio May 10, 2017) (dismissing state pre-trial detainee's

§ 2241 claims which "challenge[d] the warrant that led to [petitioner's] arrest [and] the validity of the indictment"). Accordingly, Claims 1 and 2 are **DISMISSED.**

That leaves Claim 3. Courts in this circuit have sometimes addressed challenges to probation revocation as arising under 28 U.S.C. § 2254, rather than § 2241. *See e.g.*, *Lankford v. Holt*, No. 3:14-CV-2320, 2015 WL 1311626, at *5 (M.D. Tenn. Mar. 24, 2015); *Phillips v. Bouchard*, No. 2:15-CV-10893, 2015 WL 1275878, at *1 (E.D. Mich. Mar. 19, 2015). However, regardless of whether Claim 3 is properly brought under § 2241 or § 2254, Chapman must still exhaust his state-court remedies before proceeding in federal court. *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005) ("declin[ing] to decide" whether petitioner's claim arose under § 2241 or § 2254 "because under either of these sections [petitioner was] required first to exhaust his state court remedies")

In Tennessee, a probation revocation "is not an action that may be challenged via [the State's] post-conviction procedure." *Lankford*, 2015 WL 1311626, at *9 (citing *Young v. State*, 101 S.W.3d 430, 432-33 (Tenn. Ct. Crim. App. 2002)). Instead, "[t]he appropriate vehicle for challenging the revocation of probation [is] to file a direct appeal of that order, *see* Tenn. R. App. P. 3(b), within thirty days after the order was entered, Tenn. R. App. P. 4(a)[.]" *Lankford*, 2015 WL 1311626, at *9. A document submitted by Respondent suggests, but does not establish, that Chapman failed to file a timely direct appeal from the revocation decision.[3] Petitioner alleges that

---

[3] The document is a September 2020 brief filed by the assistant district attorney in the Circuit Court of Madison County opposing Chapman's petition for a writ of certiorari. (ECF No. 19-1 at 15-16.) On the second page of the brief, the assistant district attorney represents to the circuit court that "[t]he defendant had ten days to file an appeal to have th[e] revocation reviewed denovo [sic] in the Circuit Court but did not seek relief. He cannot use the writ of certiorari as a substitute of the appellate process made available by statute." (*Id.* at 16.)

he attempted to appeal, but the "City Court refuse[d] to file [his] appeal." (ECF No. 11 at 2.) The record submitted to date in this matter is therefore inconclusive as to whether Petitioner has exhausted his state-court remedies as to Claim 3.

It is also not clear from the documents produced by Respondent whether Petitioner has served, or will be serving, a period of incarceration on the probation revocation, and, relatedly, whether the claim might now be moot. At minimum, Respondent should have submitted a copy of the revocation order and the related docket report.

Notwithstanding these deficiencies, it appears from the record that Petitioner is not currently in Respondent John Mehr's custody on the probation revocation, and that he is possibly under some form of continuing supervision of the State of Tennessee on the revocation. The Clerk is therefore **DIRECTED** to substitute Tennessee Attorney General Herbert H. Slatery, III, for John Mehr as Respondent.

Respondent is **ORDERED** to file a response to the probation revocation claim (Claim 3), as presented in the Amended Petition, (ECF No. 11), within twenty-eight days of entry of this order. *See Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), Rule 5 (a)-(d).[4] The answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits

---

[4] The Habeas Rules apply to petitions brought under § 2241 challenging a state prisoner's detention. *See* Habeas Rule 1(b).

analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31. The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Amended Petition and this order to Respondent Herbert H. Slatery, III, the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 1, 2021.