IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01139-STA-jay |
| | ) | |
| HERBERT H. SLATERY, III, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR INJUNCTION AND TEMPORARY RESTRAINING ORDER

Petitioner Billie Joe Chapman has filed a *pro se* Motion for Injunction/(T.R.O.) Temporary Restraining Order. (ECF No. 20.) Chapman avers that he has been subject to physical pain and punishment by correction officers at the Madison County Jail in retaliation for filing complaints against them. Retaliatory acts also include having request forms and complaints thrown away by officers, not receiving responses to complaints, group punishments imposed by certain officers in response to individual actions of other inmates, and having his legal mail thrown away. Chapman requests that the Court impose an injunction and temporary restraining order on respondents, enjoining them from physically abusing inmates; imposing group punishments; barring Madison County Jail inmates' access to the law library; throwing away or opening legal mail; and retaliating against inmates who file complaints against jail officials.

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders and permits the Court to grant two types of injunctive relief: a preliminary injunction and

1

a temporary restraining order (TRO). "The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Federal Rule of Civil Procedure 65(b) provides that "the court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if" the moving party satisfies two requirements. Fed. R. Civ. P. 65(b)(1). First, the moving party must present "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party's attorney must certify "in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B). "Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Depinet*, 11 F.3d at 650 (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974)).

In this case, Chapman has not shown that he has given respondents notice of his request for an order restraining respondents from the above. The certificate of service merely states: "I hereby declare that I have sent this TRO to the Clerk of the U.S. District Court by U.S. prepaid postage on 2/11/2021." Therefore, the Court is without authority to grant Chapman's request for a preliminary injunction. To the extent that Chapman seeks a preliminary injunction, that request must be **DENIED** for lack of notice to respondents.

The Court is also constrained from granting Chapman's request for a TRO where Chapman has failed to demonstrate by means of affidavit or verified complaint that Chapman will suffer immediate and irreparable injury or loss. Chapman has not filed an affidavit and did

not sign his pleadings under penalty perjury or before a notary public.  Chapman's request for a temporary restraining order must be denied for this reason alone.  But even if Chapman had satisfied that necessary condition, the Court is also precluded from granting Chapman's motion for a TRO because he has failed to certify any efforts made to give notice to respondents or reasons why notice should not be required.  Chapman's request for a TRO is therefore also **DENIED**.

    **IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date: May 26, 2021.