IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:20-cv-01139-STA-jay |
| JERRY WARDLOW | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR INJUNCTION AND MOTION TO CLAIM MISCONDUCT BY PRISON**

Before the Court is Petitioner Billie Joe Chapman's Motion for Injunction and Motion to Claim Misconduct by Prison. (ECF No. 39.) For the reasons explained below, Petitioner's motion is **DENIED**.

On June 25, 2020, Petitioner filed a document styled "Pro Se Petition for Tile [2]8 U.S.C. § 2254 Writ of Habeas Corpus and [t]o Proceed in Forma Pauperis as Relator is [I]ndigent." (ECF No. 1.) He later filed an amended petition, which also purported to arise under § 2254. (ECF No. 4.) The Court construed the amended petition as being brought under 28 U.S.C. § 2241 because Petitioner was challenging his pre-trial detention on an aggravated assault charge. (ECF No. 7.) The Court then ordered Petitioner to file a second amended petition on the district's official § 2241 form. (*Id*. at PageID 21.)

Petitioner filed his second amended petition on July 24, 2020. (ECF No. 11.) After preliminary review of the second amended petition, the Court ordered a response from Respondent

John Mehr.[1]  (ECF No. 16.)  The Court directed Respondent to specifically address the status of the state court proceedings against Petitioner for aggravated assault and for violating the terms of his probation.  (*Id*. at PageID 72.)  On November 12, 2020, Mehr filed a response to the second amended petition.  (ECF No. 19.)

Petitioner raised the following claims in his second amended petition: (1) the evidence was insufficient to support his charge for aggravated assault; (2) the police did not have probable cause to arrest him for aggravated assault; and (3) the state trial court revoked his probation without a hearing or proper due process.  (ECF No. 21 at PageID 117.)

The two claims concerning Petitioner's aggravated assault charge were dismissed because Petitioner had failed to exhaust his state court remedies.  (*Id*. at PageID 119-20.)  The third and remaining claim in the § 2241 petition concerned the revocation of Petitioner's probation on a conviction for driving with a suspended license.  (*Id*. at PageID 120.)  The Court ordered Respondent to address Petitioner's third claim, (*Id*. at PageID 121-22), and on June 1, 2021, Respondent filed a response.  (ECF No. 32.)

On April 24, 2023, the Court ordered Petitioner to show cause why his second amended petition should not be dismissed as moot because it appeared from the state court record that Petitioner's revocation sentence had expired.  (ECF No. 36 at PageID 186-87.)  Petitioner's third and remaining claim was dismissed on May 24, 2023, after petitioner failed to respond to the Court's show cause order. (ECF No. 37.)

---

[1] Mehr was the Sheriff in Madison County, Tennessee, where Petitioner was being held as a pre-trial detainee.  (ECF No. 11 at PageID 1.)  Mehr was later substituted for the Tennessee Attorney General and then Wardlow as respondent.  (ECF Nos. 21, 36.)

On June 7, 2023, Petitioner filed the instant Motion for Injunction and Motion to Claim Misconduct by Prison. (ECF No. 39.) Petitioner claims that he placed his response to the Court's show cause order into the prison mail system on May 8, 2023. (*Id*. at PageID 192.) He also claims that there are records supporting his timely response to the Court's April 24, 2023 show cause order. (*See id*.) Petitioner has not, however, provided the Court with a copy of his response, addressed the mootness of his second amended petition, or presented the records he contends support his claim that he responded to the Court's show cause order. Petitioner also did not include a mailing declaration under 28 U.S.C. § 1746 to show that he filed a timely response. *See* Rule 3(d) Governing Section 2254 Cases (stating that a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing and if the inmate makes a declaration under § 1746). Accordingly, Petitioner's Motion for Injunction and Motion to Claim Misconduct by Prison is **DENIED**.[2]

**IT IS SO ORDERED**.

        s/ S. Thomas Anderson
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

Date: October 26, 2023

---

[2] To the extent that Petitioner's motion could be construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the Court would still deny the motion. The grant of relief under Rule 59(e) requires a showing of (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). Petitioner's motion addresses none of the requirements from *Betts*.